## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

TANEISHA SIMMONS, individually
and on behalf of a class of all persons
and entities similarly situated,

        Plaintiff

vs.

INSURANCE SUPERMARKET, INC.,

        Defendant.

Case No.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff Taneisha Simmons ("Plaintiff") brings this action under the

TCPA alleging that Insurance Supermarket, Inc. ("Insurance Supermarket") sent

telemarketing calls promoting their goods and services, including to numbers that

were on the National Do Not Call Registry, such as the Plaintiff. Those calls were

made without the call recipient's prior express written consent.

4.      Because the calls were transmitted using technology capable of

generating thousands of similar calls per day, Plaintiff brings this action on behalf

of a proposed nationwide class of other persons who were sent the same illegal

telemarketing calls.

5.      A class action is the best means of obtaining redress for the

Defendant's illegal telemarketing and is consistent both with the private right of

action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of

the Federal Rules of Civil Procedure.

## Parties

6.      Plaintiff Taneisha Simmons is a resident in this District.

7.      Defendant Insurance Supermarket, Inc. is a Delaware corporation that

is registered to do business in this District.

## Jurisdiction & Venue

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331

because the Plaintiff's claims arise under federal law.

9.      Insurance Supermarket, Inc. is subject to jurisdiction as it made

telemarketing calls into this District and is registered to do business in this District.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this District, as

the calls to the Plaintiff were sent into this District.

**The Telephone Consumer Protection Act**

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991)

(codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.     The National Do Not Call Registry allows consumers to register their

telephone numbers and thereby indicate their desire not to receive telephone

solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by

the database administrator." *Id.*

14.     The TCPA and implementing regulations prohibit the initiation of

telephone solicitations to residential telephone subscribers on the Registry and

provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.   Plaintiff's telephone number, (313) XXX-4118, is a non-commercial telephone number not associated with any business.

17.   Plaintiff's telephone number is used for personal residential purposes.

18.   Plaintiff's telephone number has been listed on the National Do Not Call Registry for years prior to the calls at issue.

19.   Plaintiff has never been a customer of the Defendant and has never consented to receive calls from Defendant.

20.   Despite that, the Plaintiff received at least three telemarketing calls from the Defendant, including on September 19, 20 and 21, 2022.

21.   All of the calls came from Caller IDs that began with (313) 998-XXXX.

22.   On the September 21, 2022 call, the Plaintiff answered the call and received a scripted telemarketing pitch.

23.    The telemarketer asked her age, if she was interested in final expense insurance and the zip code she was located.

24.    The Plaintiff then learned that she was speaking with Cindy Hines, who identified herself as an employee of the Defendant.

25.    Ms. Hines also provided a call back number of (877) 560-3497.

26.    This is a number for the Defendant.

27.    Ms. Hines also tried to gather more information so she could make a written offer for insurance for the Plaintiff from the Defendant.

28.    Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded.

29.    Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

30.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

31.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

32.     Plaintiff proposes the following Class definition, subject to

amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within
> the United States: (1) whose residential telephone numbers
> were on the National Do Not Call Registry for at least 31
> days; (2) but who received more than one telephone
> solicitation call from Defendant or a third party acting on
> Defendant's behalf; (3) within a 12-month period; (4)
> within the four years prior to the filing of the Complaint.

33.     Plaintiff is a member of and will fairly and adequately represent and

protect the interests of the Class as she has no interests that conflict with any of the

Class members.

34.     Excluded from the Class are counsel, Defendant, and any entities in

which Defendant have a controlling interest, the Defendant's agents and

employees, any judge to whom this action is assigned, and any member of such

judge's staff and immediate family.

35.     Plaintiff and all members of the Class have been harmed by the acts of

Defendant, including, but not limited to, the invasion of their privacy, annoyance,

waste of time, the use of their telephone power and network bandwidth, and the

intrusion on their telephone that occupied it from receiving legitimate

communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c.      Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

44.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the**
**National Do Not Call Registry Class)**

47.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

49.     Defendant's violations were negligent, willful, or knowing.

50.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

51.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf

from making telemarketing calls to telephone numbers registered on the National

Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for

the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone

numbers advertising its goods or services, except for emergency purposes, to any

residential number on the National Do Not Call Registry in the future;

B.    That the Court enter a judgment awarding Plaintiff and all Class

members statutory damages of $500 for each violation of the TCPA and $1,500 for

each knowing or willful violation; and

C.    An order certifying this action to be a proper class action pursuant to

Federal Rule of Civil Procedure 23, establishing a Class the Court deems

appropriate, finding that Plaintiff is a proper representative of the Class, and

appointing the lawyers and law firms representing Plaintiff as counsel for the

Class;

D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

11

Plaintiff,
By Counsel,

By: */s/ Anthony Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

Dated: July 11, 2023